UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNA PEREZ, individually, as wrongful death beneficiary, and as representative of the estate of JOSE ANTONIO PEREZ, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-2948-B |
| ZTE (USA), INC. and METROPCS TEXAS, LLC, | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 4). Because the Court finds that Defendant MetroPCS, Texas, LLC properly removed this case, the Court **DENIES** the Motion.

I.

BACKGROUND

On Friday, November 2, 2018, Plaintiff Anna Perez, individually and as a representative of the estate of Jose Antonio Perez, ("Plaintiff") filed her state-court petition naming MetroPCS and ZTE (USA), Inc. as defendants responsible for her father's death. Doc. 1, Notice of Removal, ¶ 1; Doc. 1-3, Pl.'s Pet., ¶¶ 59–61. Specifically, she alleges that her father's cell phone—manufactured by ZTE and sold by MetroPCS—caught fire in the middle of the night, engulfing him and his bed in fire. Doc. 1-3, Pl.'s Pet., ¶ 26.

This case was quickly removed. Before ZTE and MetroPCS were served, on Monday, November 5, 2018, MetroPCS entered a Notice of Appearance and Waiver of Service of Process in

the state-court action, and removed the case to this Court without ZTE's consent. Doc. 1, Notice of Removal, ¶¶ 3–4. At the time of removal, Plaintiff had not yet sent her petition to either defendant and ZTE had not appeared. Doc. 5, Pl.'s Mot., 2–3.

Plaintiff and MetroPCS do not dispute that complete diversity and the amount in controversy are met. Plaintiff is a citizen of New Mexico. Doc. 1, Notice of Removal, ¶ 10. MetroPCS is a citizen of Delaware and Washington, based on the citizenship of its members. *Id.* ¶¶ 12–13. ZTE is a corporation and a citizen of New Jersey and Texas. *Id.* ¶ 14. Plaintiff alleges in her petition that she seeks "monetary relief over $1,000,000." Doc. 1-3, Pl.'s Pet., ¶ 2.

Instead, the parties dispute whether the case was procedurally removable. In her Motion to Remand, filed on November 9, 2018, Plaintiff argues that because MetroPCS had not been served nor had it properly waived service, the case was not removable. Doc. 5, Pl.'s Mot., 4. MetroPCS responded (Doc. 11) that service is not a prerequisite to removal, and Plaintiff replied (Doc. 16). The Court has reviewed the briefing and now addresses Plaintiff's Motion.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute authorizes defendants to remove any civil action from state court to federal district court if the district court would have original jurisdiction (*e.g.*, through federal question or diversity jurisdiction). 28 U.S.C. § 1441. This, however, raises "significant federalism concerns" because removal effectively "deprive[s] the state court of an action properly before it." *Gasch v. Hartford Acc. & Indem. Co.*, 491

F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). As a result, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82; *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## III.

## ANALYSIS

Federal law defines which civil actions may be removed from state to federal court, and when. 28 U.S.C. § 1441. The parties do not dispute that diversity jurisdiction, as defined by § 1332, is one such grounds on which a defendant may remove a case. *Id.* § 1441(b). Instead, they dispute at what time a case becomes removable. Plaintiff argues that because MetroPCS had not been served nor had it properly waived service in compliance with the Texas Rules of Civil Procedure, the case was not removable. Doc. 5, Pl.'s Mot., 4. MetroPCS argues that service is not a prerequisite to removal, or in the alternative, that it satisfied the removal statute by either of two actions that it took prior to removal: (1) expressly waiving and accepting service under Texas Rule of Civil Procedure 119; or (2) voluntarily appearing in accordance with Texas Rule of Civil Procedure 120. Doc. 11, MetroPCS's Resp., 6–13. For the following reasons, the Court holds that service was not required prior to removal, and thus does not reach the issue of whether MetroPCS complied with the Texas Rules of Civil Procedure in waiving service or making an appearance.

In what is known as the forum-defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). More generally, "[t]he notice of removal of a civil action or

proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Id.* § 1446(b) (emphasis added) (truncated to omit the portion of the statute that does not apply here).

Interpreting § 1446(b), the Supreme Court in *Murphy Brothers v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999), held that the minimum thirty-day period in which a defendant has to file a notice of removal does not begin to run upon the mere receipt of an initial pleading, absent formal service. In other words, *Murphy* clarifies when the removal period closes. But when a defendant may first remove a case is a different question. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 n.23 (5th Cir. 2000) (noting that *Murphy* "did not address whether service was a prerequisite for a defendant to be able to remove a case"). In examining whether a third-party, foreign-state defendant who had not been served could remove a case, the Fifth Circuit held that the federal removal statutes "require that an action be commenced against a defendant before removal, but not that the defendant have been served." *Id.* at 177 (interpreting 28 U.S.C. § 1446(b) and its "through service or otherwise" language in a case about the Foreign Sovereign Immunities Act (FSIA)). "And under Texas law, an action has commenced when a petition is filed." *Id.* (interpreting Tex. R. Civ. P. 22).

The Fifth Circuit went on to bolster its reasoning by interpreting § 1441(d), a section that pertains specifically to actions against foreign states and "does not differentiate between parties who have been served and those who have not." *Id.* But even though the Fifth Circuit cited § 1441(d), it does not appear that the Fifth Circuit was trying to limit its holding to just removal by foreign-state defendants. *See id.* Indeed, that entire section of the opinion appears to apply broadly. For example, the Fifth Circuit made a point to clarify that its interpretation of when an action has commenced

applies equally to initial petitions as well as third-party petitions. *Id.* at 177 n.24 ("The filing of both kinds of petitions commences an action."). Thus the Court concludes that *Delgado* applies even outside the context of the FSIA.

The Fifth Circuit is not alone in holding that formal service is not generally required before a defendant may file a notice of removal, with several Circuits citing *Delgado* specifically with approval. *See Novak v. Bank of N.Y. Mellon Tr. Co., NA.*, 783 F.3d 910, 911 n.1 & 914 (1st Cir. 2015) (approving of removal by a non-forum defendant prior to service); *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 97 (2d Cir. 2014) (approving of removal by real-party-in-interest that had neither appeared nor been served)[1]; *Whitehurst v. Wal–Mart*, 306 F. App'x 446, 448 (11th Cir. 2008) (holding that "nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal"). While some district courts distinguish *Delgado* as limited to governing removal under the FSIA, which implicates specific sections of the removal statute limited to foreign states, this Court is of the opinion that the more prudent course is to follow the Fifth Circuit's guidance that a defendant may remove once the petition is filed. *But see Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, 2011 WL 4499589, at *3–4 (W.D. La. Sept. 23, 2011) (holding *Delgado* inapplicable to FSIA cases). The Court respectfully disagrees with *Lafayette*'s contrary interpretation, as the First and Second Circuits have.[2]

---

[1] Plaintiff attempts to distinguish *La Russo* from the present case by arguing that in that case, the real-party-in-interest's parent company had been served. Doc. 16, Pl.'s Reply, 4 (citing *La Russo*, 747 F.3d at 94). While this is true, the Second Circuit made no indication that this service was relevant to its holding that "[s]ervice of process upon a removing defendant is not a prerequisite to removal." *La Russo*, 747 F.3d at 97 (citing, *inter alia*, *Delgado*, 231 F.3d at 177). Thus, the Court is not persuaded by Plaintiff's argument.

[2] Other district courts in this Circuit have also applied *Delgado* outside the FSIA context. *E.g., Leech v. 3M Co.*, 278 F. Supp. 3d 933, 942 (E.D. La. 2017); *Campos v. Wells Fargo Bank, NA*, 2012 WL 12886435, at *3 (W.D. Tex. Aug. 31, 2012), report and recommendation adopted, 2012 WL 12886598 (W.D. Tex. Dec. 17, 2012); *Armendariz v. E. Laredo Home Place, Ltd.*, 2008 WL 4453120, at *1 (S.D. Tex. Sept. 29,

The Court acknowledges Plaintiff's concerns about the gamesmanship she alleges took place in this case, as well as the potential for gamesmanship in other cases. *See* Doc. 5, Pl.'s Mot., 1–3 (describing the lengths to which MetroPCS and ZTE went to ensure this case could be removed). But concerns about the gamesmanship that might result from a reading of the removal statutes that allows for removal as soon as a complaint is filed "are appropriately the concerns of Congress, and courts are not free to substitute their own judgment for that of lawmakers." *Leech*, 278 F. Supp. 3d at 943 (noting that Congress revisited the removal statutes in 2011 but left unchanged the "properly joined and served" language). "Congress is 'presumed to have knowledge of its previous legislation when making new laws,' is presumed to be 'knowledgeable about existing law pertinent to the legislation it enacts,' and is 'presumed to be aware of, and to adopt, a judicial interpretation of a statute when it reenacts that law without change.'" *Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, at *6 (N.D. Tex. Oct. 20, 2015) (quoting *U.S. v. Zavala–Sustaita*, 214 F.3d 601, 606 n.8 (5th Cir. 2000); *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 185 (1988); *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 231 (2009)). "And for the anticipated cases, plaintiffs can ensure they remain in state court by filing cases against and serving forum defendants before joining nonforum defendants." *Id.* at *7.

Plaintiff points to this Court's opinion in *Breitweiser* for the proposition that section 1441(b)'s "plain language requires at least one defendant to have been served before removal is appropriate[.]" *Id.* at *5. But this statement was dicta—in *Breitweiser*, the non-forum defendant had answered in state court and thus was considered served for purposes of the removal statute. *Id.* Thus, the Court

---

2008). The fact that—as Plaintiff argues—some of these cases are infrequently or have never been cited does not persuade the Court that they are incorrect. *See* Doc. 16, Pl.'s Reply, 4.

never had reason to discuss *Delgado* and related cases, and the Court focused on the propriety of "snap removal" in general—i.e., whether a non-forum defendant who had answered could remove a case to federal court before plaintiffs had a reasonable opportunity to serve a forum defendant. *See id.* at *1. And ultimately, the Court held that allowing a non-forum defendant to remove prior to service on the forum defendant was proper, even if it incentivized gamesmanship. *Id.* at *7. As this Court said in *Breitweiser*, Congress, not the judiciary, is the proper party to "correct any perceived inequities or unintended consequences." *Id.* (quoting *Carrs v. AVCO Corp.*, 2012 WL 1945629, at *3 (N.D. Tex. May 30, 2012)). And at least one other court in this Circuit confronted with an identical fact-pattern has not read *Breitweiser* to hold that a non-forum defendant must be served prior to properly removing. *Leech*, 278 F. Supp. 3d at 943 (denying remand and summarizing that "the non-forum defendant has removed the case before any defendant has been served, which is a practice, although perhaps objectionable, is one that appears appropriate in this Circuit"). In *Breitweiser*, the Court was predominately concerned with the absurd result of allowing a forum-defendant to circumvent the forum-defendant rule. *Breitweiser*, 2015 WL 6322625, at *6. Because that is not the fact-pattern here, the Court's decision today thus aligns with the spirit and reasoning in *Breitweiser*.

In addition, Plaintiff's reliance on a pre-*Delgado* district court case is not persuasive. Doc. 5, Pl.'s Mot., 8 (citing *Recognition Comms., Inc. v. Am. Auto Ass'n, Ins.*, 1998 WL 119528, at *3 (N.D. Tex. Mar. 5, 1998)). Namely, along with *Breitweiser*, Plaintiff cites *Recognition* for the proposition that when neither the forum defendant nor the non-forum defendant have been served with process or properly entered a general appearance in state court, the case is not removable. *Id.* at 8–9. The court in *Recognition* admitted that it was struggling with a then-novel issue: the court noted that "neither

party has cited a case and the Court has been unable to locate a decision where the precise procedural facts of this case were present: certain non-resident defendants removing a case under Section 1441 and excluding a resident defendant when none of the defendants had been served." *Recognition*, 1998 WL 119528, at *3, n.3. But *Recognition* was decided before *Delgado*, which disavowed this interpretation of the removal statutes.

Finally, Plaintiff brings *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011), to this Court's attention. Doc. 16, Pl.'s Reply, 5. The court in *Hawkins* acknowledges, as this Court does, the difficulties courts have encountered in construing the removal statutes. *Hawkins*, 785 F. Supp. 2d at 1369–71. But *Hawkins* is distinguishable. There, the court was addressing a different issue—"whether § 1441(b) permits an unserved *forum* defendant to remove a case based on diversity of citizenship." *Id.* at 1366–67 (emphasis added). In addition, *Hawkins's* rejection of removal by a forum-defendant prior to service aligns with this Court's decision in *Breitweiser*, which similarly opined that "allowing a forum defendant to use the language of the forum-defendant rule to circumvent the forum-defendant rule yields an undeniably absurd result." *Breitweiser*, 2015 WL 6322625, at *6. But here MetroPCS is a non-forum defendant; thus the Court does not find *Hawkins* instructive.

Here, the state-court petition was filed on November 2, 2018, and non-forum defendant MetroPCS removed the case on November 5, 2018. Because the Court holds that service was not a prerequisite to removal, MetroPCS's removal of this case was procedurally proper. Thus, the Court does not address the bulk of Plaintiff's argument, which was devoted to whether MetroPCS's waiver of service complies with Texas Rule of Civil Procedure 119 or whether MetroPCS's notice of appearance was a general appearance under Texas Rule of Civil Procedure 120. And as Plaintiff has

provided no other alternate grounds for remand, the Court **DENIES** Plaintiff's Motion to Remand.

## IV.

## CONCLUSION

Because removal was proper, the Court hereby **DENIES** Plaintiff's Motion to Remand (Doc. 4).

**SO ORDERED**.

**SIGNED: March 29, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE