UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNA PEREZ, individually, as wrongful death beneficiary, and as representative of the estate of JOSE ANTONIO PEREZ, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2948-B |
| ZTE (USA), INC. and METROPCS TEXAS, LLC, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant ZTE (USA), Inc.'s Motion to Strike (Doc. 18), filed December 21, 2018. Having considered the Motion, the Court is of the opinion that ZTE's Motion to Strike should be and hereby is **GRANTED in part and DENIED in part**.

This action alleges products liability, breach of implied warranties, negligence, and negligence per se against ZTE; seller/distributor liability against Defendant MetroPCS Texas, LLC; and wrongful death against both Defendants. Doc. 1-3, Pl.'s Pet., ¶¶ 36–61. Specifically, Plaintiff Anna Perez, individually and as a representative of the estate of Jose Antonio Perez, ("Plaintiff") alleges that her father's cell phone—manufactured by ZTE and sold by MetroPCS—caught fire in the middle of the night, engulfing him and his bed in fire. *Id.* ¶ 26. She alleges he suffered injuries so significant that he was "hospitalized or in a skilled nursing unit from the night of the fire until just shortly before his death." *Id.*

- 1 -

Plaintiff filed in state court on Friday, November 2, 2018, and ZTE removed it to this Court three days later. While Plaintiff's Motion to Remand was pending, and after having received two unopposed extensions of time to respond to Plaintiff's Petition, ZTE filed this Rule 12(f) Motion to Strike on December 21, 2018.

ZTE asserts that paragraphs 11–24 and parts of paragraph 25 contain immaterial, inflammatory, and scandalous allegations that have no bearing on Plaintiff's claims or ZTE's defenses in this case. Doc. 19, ZTE's Br., 1–2. Plaintiff responds that "[t]he challenged allegations provide important background information about the habit, routine, and practices of ZTE and its conduit subsidiaries that consist almost entirely of matters either admitted to by ZTE or adjudicated by federal courts and federal agencies." Doc. 22, Pl.'s Resp., 2. Plaintiff argues that it would be improper to make an evidentiary ruling on the admissibility of this evidence before discovery. *Id.* at 3–4. In addition, Plaintiff argues that ZTE has not met its burden to show prejudice. *Id.* at 4–5. ZTE replies that the only purpose of the allegations is "character assassination," that striking the allegations will not affect Plaintiff's claims, and that because of the then-pending Motion to Remand, ZTE's motion is not causing delay. Doc. 23, ZTE's Reply, 1–2.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" acting either sua sponte or upon a party's motion. Fed. R. Civ. P. 12(f). Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, as such motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus v. Bd. of Public Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). A motion to strike should be denied if there is any question

concerning law or fact. *Id.* Even when dealing with a pure question of legal sufficiency, courts are still "very reluctant" to determine such issues on a motion to strike, instead viewing such questions "as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2018). The granting of a motion to strike falls within a court's sound discretion. *Niblo*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868).

Here the Court finds that ZTE has met its burden to show that most of the paragraphs at issue are immaterial, inflammatory, or scandalous. Plaintiff brings claims against ZTE for products liability, breach of implied warranties, negligence, and negligence per se and seeks punitive damages related to these claims. But the paragraphs at issue do not relate to these claims or those against MetroPCS. Instead, the allegations are about patent infringement, violations of federal export controls, and other civil and criminal investigations that bear no apparent relation to the issue at hand—a ZTE phone that allegedly caught on fire. *See Logtale, Ltd. v. IKOR, Inc.*, 2013 WL 4427254, at *7–8 (N.D. Cal. Aug. 14, 2013) (striking as irrelevant an allegation in a breach-of-contract case that defendant made false statements to the federal government, a non-party, in order to acquire equipment "previously used for chemical and biological warfare"). It is prejudicial and does not advance the case at hand to ask ZTE to answer these unrelated allegations as stated in the petition.

To be clear, by granting this Motion to Strike the Court is not making an evidentiary finding that some evidence of ZTE's corporate character as it relates to the allegedly defective phone may or may not be relevant to some of Plaintiff's claims or Plaintiff's request for punitive damages. That issue can be raised and briefed by the parties at a later stage in the litigation; striking these allegations at this time will not prejudice Plaintiff.

As such, the Court hereby **STRIKES** paragraphs 12–23 of Plaintiff's Petition. Paragraph 11, as a general introduction into the premise that corporate culture is sometimes relevant, may remain, as well as paragraphs 24 and 25, for the same reason.

**SO ORDERED.**

**DATED April 2, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE